1  Barbara Clarke McCurdy (*Not Yet Admitted ProHac Vice*)
   barbara.mccurdy@finnegan.com
2  Naveen Modi (*Not Yet Admitted ProHac Vice*)
   naveen.modi@finnegan.com
3  Srikala P. Atluri (*Not Yet Admitted ProHac Vice*)
   srikala.atluri@finnegan.com
4  FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
5  901 New York Avenue, N.W.
   Washington, D.C. 20001
6  Telephone:  (202) 408-4000
   Facsimile:  (202) 408-4400
7

8  Tina E. Hulse (CA Bar No. 232936)
   tina.hulse@finnegan.com
9  FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
10 3300 Hillview Avenue
   Palo Alto, California 94304-1203
11 Telephone:  (650) 849-6600
   Facsimile:  (650) 849-6666
12

13 Attorneys for Plaintiff                     **CV 10    3736**
   Rambus Inc.
14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18

19 | RAMBUS INC. | CASE NO. |
   | --- | --- |
20 | Plaintiff, | |
21 | v. | **COMPLAINT** |
22 | INTERNATIONAL BUSINESS MACHINES CORPORATION | |
23 | Defendant. | |
24

25

26     Plaintiff Rambus Inc. ("Rambus") brings this action against Defendant International Business

27 Machines Corporation ("IBM") under 35 U.S.C. § 146 to remedy the decisions by the United States

28 Patent and Trademark Office ("USPTO") Board of Patent Appeals and Interferences ("Board") in

1    Patent Interference No. 105,467 ("the Interference"), entitled "Richard E. Perego, Stefanos

2    Sidiropolous and Ely Tsern, Junior Party v. Robert Allen Drehmel, Kent Harold Haselhorst, Russell

3    Dean Hoover and James Anthony Marcella, Senior Party."

4                                  **THE PARTIES**

5    1.        Richard E. Perego, Stefanos Sidiropolous and Ely Tsern (collectively referred to

6    herein as "Perego") are named as the inventors of the subject matter claimed in claims 1-49 of

7    United States Patent No. 6,502,161 ("the Perego '161 Patent") and have assigned all rights in the

8    Perego '161 Patent to Plaintiff Rambus as recorded by the USPTO at reel no. 010490 and frame no.

9    0902. Rambus is therefore the legal owner of the Perego '161 Patent and all inventions disclosed

10   and claimed therein, and is the real Plaintiff party of interest for the purposes of this action.

11    2.        Plaintiff Rambus is a California corporation with a principal place of business at 4440

12   El Camino Real, Los Altos, CA 94022.

13    3.        Defendant IBM is, on information and belief, a New York corporation with its

14   principal place of business at 1 New Orchard Road, Armonk, NY 10504. On information and belief,

15   IBM is authorized to engage in business in California, owns and/or leases real property in the state of

16   California including an IBM Research Center at 650 Harry Road, San Jose, CA 95120, has

17   employees in the state of California, has filed tax returns in the state of California, and does business

18   in California by entering into repeated and successive transactions within the state.

19    4.        Robert Allen Drehmel, Kent Harold Haselhorst, Russell Dean Hoover and James

20   Anthony Marcella (collectively referred to herein as "Drehmel") are named as the inventors of the

21   subject matter claimed in claims 11-59 of United States Patent Application No. 11/203,652 ("the

22   Drehmel '652 Application"). On information and belief, Drehmel has assigned all rights in the

23   Drehmel '652 Application to Defendant IBM as recorded by the USPTO at reel no. 010412 and

24   frame no. 0260. On information and belief, IBM is therefore the legal owner of the Drehmel '652

25   Application and is the real Defendant party of interest for the purposes of this action.

26

27

28

                                     2                                  COMPLAINT

1
## JURISDICTION AND VENUE

2    5.    Plaintiff brings this civil action under the Patent Laws, Title 35 of the United States

3  Code, and under 35 U.S.C. § 146. This Court also has subject matter jurisdiction pursuant to 28

4  U.S.C. § 1338(a).

5    6.    Venue is proper in this court under 28 U.S.C. § 1391(c).

6    7.    This court has personal jurisdiction over Defendant IBM at least because, on

7  information and belief, IBM is authorized to engage in business in California, owns and/or leases

8  real property in the state of California including an IBM Research Center at 650 Harry Road, San

9  Jose, CA 95120, has employees in the state of California, has filed tax returns in the state of

10 California, and does business in California by entering into repeated and successive transactions

11 within the state.

12
## INTRADISTRICT ASSIGNMENT

13    8.    The San Jose Division of the Northern District of California is the proper division to

14 hear this matter because both Plaintiff and Defendant reside and do business in the San Jose division.

15
## FACTS GIVING RISE TO THE COMPLAINT

16    9.    The Perego '161 Patent was filed in the USPTO on January 5, 2000 and issued on

17 December 31, 2002.

18    10.    The Drehmel '652 Application was filed August 15, 2005, and accorded an effective

19 filing date of November 12, 1999, the filing date of United States Patent Application No.

20 09/439,068, which issued as United States Patent No. 6,526,469 to Drehmel et. al ("the '469

21 patent"). As issued, the '469 patent did not claim the subject matter as claimed in the Perego '161

22 Patent. However, prior to the filing of the Drehmel '652 Application, Drehmel surrendered the '469

23 patent and filed United States Patent Application No. 10/747,820, a reissue application under 35

24 U.S.C. § 251 in which Drehmel included the original claims from the '469 patent (claims 1-10) and

25 new claims (claims 11-59). According to Drehmel, new claims 11-59 "correspond[ed] exactly or

26 substantially" to the claims of the Perego '161 Patent. The Examiner issued a restriction

27 requirement under 35 U.S.C. § 121, prompting Drehmel to file a divisional application, the Drehmel

28

3                                    COMPLAINT

1  '652 Application, limited to claims 11-59. Drehmel subsequently requested a declaration of

2  interference between the Drehmel '652 Application and the Perego '161 Patent.

3    11.    On August 15, 2006, the USPTO declared the Interference under 35 U.S.C. § 135(a)

4  between the Perego '161 Patent and the Drehmel '652 Application to determine priority of invention

5  between the parties Perego (i.e., Rambus) and Drehmel (i.e., IBM).

6    12.    Because Drehmel was accorded the earlier effective filing date, it was accorded

7  "senior party" status and Perego "junior party" status.

8    13.    The subject matter of the Interference relates to a memory system as defined by the

9  "count." The count is the definition of the invention, set by the Board, as to which priority is to be

10  determined. The count, as identified by the Board, is identical to Perego '161 Patent claim 1 and

11  Drehmel '652 Application claim 11.

12    14.    The count reads as follows:

13  A memory system comprising:

14       a memory controller having an interface that includes a plurality of memory subsystem ports;

15       a first memory subsystem including:

16            a buffer device having a first port and a second port, and

17            a plurality of memory devices coupled to the buffer device via the second port,

18                 wherein data is transferred between at least one memory device of the plurality of

19                 memory devices and the memory controller via the buffer device; and

20       a plurality of point-to-point links, each point-to-point link of the plurality of point-to-point

21            links having a connection to a respective memory subsystem port of the plurality of

22            memory subsystem ports, the plurality of point-to-point links including a first point-to-

23            point link to connect the first port to a first memory subsystem port of the plurality of

24            memory subsystem ports.

25    15.    According to the Board, all of Perego '161 Patent claims 1-49 and Drehmel '652

26  Application claims 11-59 correspond to the count, meaning that they define the same patentable

27  invention as the count, and were therefore subject to the outcome of the priority determination.

28

4                                                                                         COMPLAINT

1      16.     Perego filed preliminary motions for judgment, with supporting evidence, on the

2 grounds, *inter alia*, that (1) the Drehmel '652 Application is not entitled to the benefit of the earlier-

3 filed applications because the earlier-filed applications do not describe or enable the subject matter

4 of the count; (2) the claims of the Drehmel '652 Application are unpatentable because they fail to set

5 forth what Drehmel regards as his invention as required by 35 U.S.C. § 112, ¶ 2; (3) the claims of the

6 Drehmel '652 Application are unpatentable based on a lack of written description and enablement

7 under 35 U.S.C. § 112, ¶ 1; (4) the claims of the Drehmel '652 Application are unpatentable for

8 failure to meet the "error" and "original patent" requirements of 35 U.S.C. § 251; and (5) there exists

9 no interference-in-fact between claims 48-59 of the Drehmel '652 Application and any claim of the

10 Perego '161 Patent.

11      17.     In accordance with customary USPTO interference practice and procedure, the

12 evidence was presented in a written record, and there was no live testimony before the Board.

13 Although requested by both parties Perego and Drehmel, no oral hearing before the Board was

14 permitted on the preliminary motions.

15      18.     On September 19, 2008, the Board issued a decision on Perego's preliminary motions

16 under Board Rule 104(c) in which it incorrectly found that Drehmel '652 Application claim 11 was

17 not unpatentable under 35 U.S.C. § 112, ¶ 1 for lack of written description or enablement. Based on

18 this finding, the Board erroneously denied Perego's motions attacking the benefit of the earlier-filed

19 applications and for judgment that the claims of the Drehmel '652 Application are unpatentable

20 under 35 U.S.C. § 112, ¶ 1. The Board also incorrectly denied Perego's motions showing that the

21 claims of the Drehmel '652 Application are unpatentable under 35 U.S.C. § 112, ¶ 2 and under 35

22 U.S.C. § 251 and dismissed Perego's motion for a declaration of no interference-in-fact between

23 claims 48-59 of the Drehmel '652 Application and any claim of the Perego '161 Patent. Decision –

24 Preliminary Motions – Bd. R. 104(c), mailed September 19, 2008, Paper No. 96, ("Decision on

25 Preliminary Motions").

26      19.     Following the Board's Decision on Preliminary Motions, Perego introduced evidence

27 to show, *inter alia*, that it conceived and diligently reduced to practice the invention at issue in the

28 Interference before Drehmel. Specifically, on December 5, 2008, Perego filed "Perego Motion 9

5

COMPLAINT

1  (For Judgment Based Priority)," contending that Perego conceived the subject matter of the count by

2  at least May 14, June 15, or June 25, 1999, and that Perego diligently reduced the invention to

3  practice.

4      20.    Again, in accordance with customary USPTO interference practice and procedure, the

5  evidence was presented in a written record, and there was no live testimony before the Board.

6  Though both parties Perego and Drehmel again requested an oral hearing, no oral hearing before the

7  Board was permitted on the priority motions.

8      21.    On June 24, 2010, the Board issued a decision on priority and a Judgment under

9  Board Rule 127 in which it erroneously ruled against Perego on priority of invention. Decision on

10  Priority, mailed June 24, 2010, Paper No. 155 ("Decision on Priority"); Judgment – Merits – Bd. R.

11  127, mailed June 24, 2010, Paper No. 156 ("Judgment").

12      22.    Because the Board concluded that Perego did not conceive the subject matter of the

13  count by May 14, June 15, or June 25, 1999, the Board did not address whether Perego demonstrated

14  reasonable diligence in reducing the invention to practice. Decision on Priority at 28.

15      23.    On the same day it issued the Decision on Priority, the Board also issued a Judgment,

16  ordering that judgment on the issue of priority be entered against the party Perego as to the count and

17  cancelling claims 1-49 of the Perego '161 Patent. Judgment at 2.

18      24.    During the Interference, Perego also requested permission to file preliminary motions

19  for judgment, with supporting evidence, on the grounds, *inter alia*, that (1) the claims of the Drehmel

20  '652 Application are invalid under 35 U.S.C. § 112, ¶ 2 because they are indefinite; (2) the claims of

21  the Drehmel '652 Application are unenforceable due to inequitable conduct before the USPTO; (3)

22  the claims of the Drehmel '652 Application are unpatentable under 35 U.S.C. §§ 102 and/or 103

23  over one or more references; and (4) certain Perego '161 Patent claims should be undesignated from

24  the count. Perego also requested discovery as to certain issues, including Drehmel's failure to

25  disclose certain references to the USPTO, what the Drehmel inventors regard as their invention, and

26  Drehmel's failure to meet the "error" requirement of 35 U.S.C. § 251. Perego's discovery requests

27  were denied by the Board. The Board also deferred Perego's request to file motions on the grounds

28  of inequitable conduct and unpatentability, and authorized and deferred Perego's request to file a

          COMPLAINT

1   motion to undesignate certain Perego '161 Patent claims from the count. Order – Motion Times –

2   Bd. R. 104(c), mailed October 11, 2006, Paper No. 22. The Board later denied Perego's requests to

3   file motions on the grounds of inequitable conduct and unpatentability and severely restricted its

4   authorization of Perego's request to file a motion that certain Perego '161 Patent claims should be

5   undesignated from the count. The Board also denied Perego's renewed request for discovery. Order

6   – Priority Times – Bd. R. 104(c), mailed October 15, 2008, Paper No. 99; Decision – Rehearing –

7   Bd. R. 127(d), mailed November 12, 2008, Paper No. 101.

8       25.     The Board committed errors of fact and law in its orders, decisions, and judgment,

9   including the Decision on Preliminary Motions adverse to Perego, and the Decision and Judgment

10  on Priority denying Perego priority as to the subject matter of the count. Plaintiff Rambus brings

11  this action pursuant to 35 U.S.C. § 146 seeking *de novo* review and reversal of the Board's orders,

12  decisions, and judgment in the Interference adverse to Perego.

13      26.     This appeal is being timely filed within two months after the date of the Board's

14  Judgment per 37 C.F.R. § 1.304 and 35 U.S.C. § 146.

15                              **PRAYER FOR RELIEF**

16      Wherefore, Plaintiff Rambus prays that this Court enter judgment in its favor, and against

17  Defendant IBM, as follows:

18      A.      Reverse the Board's orders, decisions, and judgment in the Interference adverse to

19  Perego;

20      B.      Reverse the Board's Decision on Preliminary Motions, against Perego, including, but

21  not limited to, the findings that: (1) Perego failed to show that the Drehmel '652 Application should

22  not enjoy the benefit of the effective filing dates of Drehmel's earlier-filed applications; (2) Perego

23  failed to show that the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112,

24  ¶ 2; (3) Perego failed to show that the Drehmel '652 Application claims are unpatentable under 35

25  U.S.C. § 112, ¶ 1; and (4) Perego failed to show that the Drehmel '652 Application claims are

26  unpatentable under 35 U.S.C. § 251;

27

28

7                                   COMPLAINT

1    C.    Reverse all portions of the Board's Decision on Preliminary Motions, and all

2 underlying rulings with respect to the Interference that are adverse to Perego including, but not

3 limited to, those decisions listed in item B;

4    D.    Adjudge that, *inter alia*: (1) the Drehmel '652 Application does not enjoy the benefit

5 of the effective filing dates of Drehmel's earlier-filed applications; (2) the Drehmel '652 Application

6 claims are unpatentable under 35 U.S.C. § 112, ¶ 2; (3) the Drehmel '652 Application claims are

7 unpatentable under 35 U.S.C. § 112, ¶ 1; and (4) the Drehmel '652 Application claims are

8 unpatentable under 35 U.S.C. § 251;

9    E.    Reverse the Board's Decision on Priority, against Perego including, but not limited

10 to, the finding that Perego did not show conception by at least May 14, June 15, or June 25, 1999;

11    F.    Reverse all portions of the Board's Decision on Priority, and all underlying rulings

12 with respect to the Interference that are adverse to Perego including, but not limited to, the decision

13 listed in item E;

14    G.    Reverse and vacate the Board's Judgment awarding priority against Perego at least

15 because: (1) the Drehmel '652 Application is not entitled to the benefit of Drehmel's earlier-filed

16 applications; (2) the Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 112, ¶

17 2; (3) the Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 112, ¶ 1; (4) the

18 Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 251; and/or (5) Perego

19 conceived the subject matter of the count by at least May 14, June 15, or June 25, 1999, and

20 diligently reduced the invention to practice before Drehmel;

21    H.    Adjudge that Richard E. Perego, Stefanos Sidiropolous and Ely Tsern are the

22 inventors of the invention defined by the count and are entitled to claims 1-49 of the Perego '161

23 Patent;

24    I.    Award priority of the subject matter of the count to Perego; and

25    J.    Award Rambus any other and further relief as this Court may deem just and proper.

26

27

28

8                                                    COMPLAINT

Dated: August 23, 2010

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

Tina E. Hulse (CA Bar No. 232936)
tina.hulse@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone:(650) 849-6600
Facsimile: (650) 849-6666

Barbara Clarke McCurdy
(*Not Yet Admitted ProHac Vice*)
barbara.mccurdy@finnegan.com
Naveen Modi
(*Not Yet Admitted ProHac Vice*)
naveen.modi@finnegan.com
Srikala P. Atluri
(*Not Yet Admitted ProHac Vice*)
srikala.atluri@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone:(202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Plaintiff,
Rambus Inc.

9                                    **COMPLAINT**