Barbara Clarke McCurdy (Admitted *Pro Hac Vice*)
barbara.mccurdy@finnegan.com
Naveen Modi (Admitted *Pro Hac Vice*)
naveen.modi@finnegan.com
Srikala P. Atluri (Admitted *Pro Hac Vice*)
srikala.atluri@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone:     (202) 408-4000

Tina E. Hulse (CA Bar No. 232936)
tina.hulse@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Plaintiff
Rambus Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　　　　Defendant. | Case No. C 10-03736 JSW<br>(Related Case:  C 10-04017 JSW)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Court's Standing Order regarding the Contents of Joint Case Management Statement, Plaintiff Rambus Inc. ("Rambus") and Defendant International Business Machines Corporation ("IBM") hereby submit this Joint Case Management Statement.

## INTRODUCTORY STATEMENT

On November 12, 2010, Barbara Clarke McCurdy, Naveen Modi, and Tina Hulse of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, on behalf of Rambus, and Anthony Zupcic, Robert Fischer, Douglas Sharrott, Edward Kmett, and Troy Kennedy of Fitzpatrick, Cella, Harper, & Scinto, on behalf of IBM, conferred pursuant to Rule 26(f) regarding this Joint Case Management Statement.

## JURISDICTION AND SERVICE

The parties agree that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) and 35 U.S.C. § 146.

The parties agree that there are no issues that exist regarding personal jurisdiction or venue, and that no parties remain to be served.

## FACTS

### A.    A Brief Description of the Events Underlying the Action

Rambus filed the present action against IBM under 35 U.S.C. § 146 on August 23, 2010, to appeal the decision of the U.S. Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences ("the Board") in Patent Interference No. 105,467 ("the Interference"), entitled "Richard E. Perego, Stefanos Sidiropolous and Ely Tsern, Junior Party v. Robert Allen Drehmel, Kent Harold Haselhorst, Russell Dean Hoover and James Anthony Marcella, Senior Party."

Richard E. Perego, Stefanos Sidiropolous and Ely Tsern (collectively "Perego") are named as the inventors of the subject matter claimed in claims 1-49 of U.S. Patent No. 6,502,161 ("the Perego '161 Patent") and have assigned all rights in the Perego '161 Patent to Rambus.  Robert Allen Drehmel, Kent Harold Haselhorst, Russell Dean Hoover and James Anthony Marcella (collectively "Drehmel") are named as the inventors of the subject matter claimed in claims 11-59 of U.S. Patent

1  Application No. 11/203,652 ("the Drehmel '652 Application").  Drehmel has assigned all rights in
2  the Drehmel '652 Application to IBM.
3        The Drehmel '652 Application was filed on August 15, 2005, and included claims 11-59,
4  which, according to Drehmel, "correspond exactly or substantially" to the claims of the Perego '161
5  Patent.  Drehmel requested a declaration of interference between the '652 Application and the
6  Perego '161 Patent.  The Board declared the Interference on August 15, 2006.  The Board specified
7  the "Count," which is the definition of the invention for purposes of resolving issues in the
8  interference.  Because the Board accorded the Drehmel '652 Application an earlier effective filing
9  date than the Perego '161 Patent, the Board designated Drehmel as the "Senior Party," and Perego as
10 the "Junior Party."  As the Junior Party, Perego had the burden of proving that it was the first to
11 invent the subject matter of the Count.
12       Interferences are typically conducted in two phases—the preliminary motions phase and the
13 priority phase.  During the preliminary motions phase, Perego filed five preliminary motions,
14 numbered as follows:
15       1.  The Drehmel '652 Application is not entitled to the benefit of the earlier-filed
16 applications because the earlier-filed applications do not describe or enable the subject matter of the
17 Count, and therefore Perego, not Drehmel, should have been accorded the earlier effective filing
18 date.
19       2.  The claims of the Drehmel '652 Application are unpatentable because they fail to
20 set forth what Drehmel regards as its invention as required by 35 U.S.C. § 112, ¶ 2.
21       3.  The claims of the Drehmel '652 Application are unpatentable based on a lack of
22 written description and enablement under 35 U.S.C. § 112, ¶ 1.
23       4.  The claims of the Drehmel '652 Application are unpatentable for failure to meet
24 the "error" and "original patent" requirements of 35 U.S.C. § 251.

5. Contingent upon a finding that none of Drehmel claims 11-47 and one or more of Drehmel claims 48-59 survive Perego's other preliminary motions 1 – 4, there exists no interference-in-fact between claims 48-59 of the Drehmel '652 Application and any claim of the Perego '161 Patent.

On September 19, 2008, the Board issued its decision on the preliminary motions and held that the evidence presented by Perego did not establish that claim 11 of the '652 Application was unpatentable under § 112, ¶ 1 for lack of written description or enablement. The Board then denied or dismissed as moot Perego's remaining motions.

During the priority phase of the Interference, both parties presented evidence regarding conception, reduction to practice, and diligence. In its Decision on Priority, the Board concluded that the evidence presented by Perego did not establish that Perego conceived the invention as defined by the Count prior to Drehmel's effective filing date. Accordingly, because Drehmel was designated the Senior Party, the Board awarded priority of invention to Drehmel and terminated the Interference in Drehmel's favor.

IBM's Additional Facts:

With respect to the decision on preliminary motions, because Perego failed to satisfy its burden with respect to Drehmel independent claim 11, Perego motion 3 was denied without needing to reach Perego's arguments as to all of the other Drehmel claims. The Board also denied Perego motions 1, 2 and 4, because Perego failed to meet its burden of proof, and dismissed Perego motion 5 as moot, because the required contingency did not materialize.

With respect to the decision on priority, because Perego failed to set forth a *prima facie* case of priority, the Board did not reach Drehmel's opposition to Perego's priority motion or Perego's reply. The Board dismissed Drehmel's priority motion as moot for the same reason. When the Board terminated the Interference in Drehmel's favor, it canceled all of the claims of the Perego '161 Patent.

1   **B.     Principal Factual Issues in Dispute**

2   The principal issues in dispute, which include legal and/or factual determinations, are:

3,4   - whether the Drehmel '652 Application should enjoy the benefit of the filing dates of Drehmel's earlier-filed applications

5,6   - whether the Drehmel '652 Application claims are patentable under 35 U.S.C. § 112, ¶ 2, on the ground of what Drehmel regards as its invention

7,8   - whether the Drehmel '652 Application claims are patentable under 35 U.S.C. § 112, ¶ 1

9,10,11   - whether the Drehmel '652 Application claims are patentable under 35 U.S.C. § 251, on the grounds of failing to meet the statutory "error" and "original patent" requirements

12   - whether Perego or Drehmel should be entitled to priority

13,14   - whether the Board erroneously ruled in favor of Drehmel and terminated the Interference.

15   IBM asserts the additional factual issues:

16–22   - whether or not Rambus waived its right to have reviewed in this action its assertions (1) that Drehmel's '652 Application claims fail to comply with the "no new matter" requirement of 35 U.S.C. § 251; (2) that Drehmel's '652 Application claims are unpatentable in view of the reissue recapture doctrine; (3) that there is no interference-in-fact with respect to Drehmel's claims 11-47 and Perego's '161 Patent claims; and (4) that certain Perego '161 Patent claims should be de-designated as corresponding to the Count, by failing to pursue such assertions before the Board

23–26   - whether or not the issues of (1) unpatentability of the Drehmel '652 Application claims based on prior art; (2) unpatentability of the Drehmel '652 Application claims based on § 112, ¶ 2 for indefiniteness; and (3) unenforceability of the Drehmel '652 Application claims, may properly be determined in this action.

27,28   Rambus asserts that most, if not all, of IBM's additional factual issues will be moot if the Court grants Rambus's motion for leave to amend the Complaint. *See infra* p. 6.

# LEGAL ISSUES

Rambus's Position:

Rambus does not believe that there are any disputed points of law at this time. That is, Rambus does not believe the meaning of any relevant law is in dispute. But to the extent the parties disagree over the Board's legal determinations relating to the issues stated above in Section B, those issues apply here, as well. Rambus further notes that there will likely be claim construction issues that the parties will brief at a later date. Moreover, as to IBM's issues identified below, while Rambus agrees that some may include legal issues, Rambus does not join in the characterization of those issues. Rambus also notes that most, if not all, of IBM's legal issues will be moot if the Court grants Rambus's motion for leave to amend the Complaint. *See infra* p. 6.

IBM's Position:

IBM submits that Rambus's Complaint, as it pertains to Rambus's allegations that (1) Drehmel's '652 Application claims fail to comply with the "no new matter" requirement of 35 U.S.C. § 251; (2) Drehmel's '652 Application claims are unpatentable in view of the reissue recapture doctrine; (3) there is no interference-in-fact with respect to Drehmel's claims 11-47 and Perego's '161 Patent claims; and (4) certain Perego '161 Patent claims should be de-designated as corresponding to the Count; should be dismissed because these issues were waived during the Board proceedings. IBM further submits that Rambus's Complaint, as it pertains to the allegations of (1) unpatentability of the Drehmel '652 Application claims based on prior art; (2) unpatentability of the Drehmel '652 Application claims based on § 112, ¶ 2 for indefiniteness; and (3) unenforceability of the Drehmel '652 Application claims, should be dismissed because these issues were ancillary to and unnecessary for the determination of priority, and are not reviewable in a § 146 action. IBM also asserts as a matter of law that inequitable conduct of a pending patent application (as opposed to a patent) is an improper ground for unpatentability. IBM further asserts there may be issues of claim construction for this Court to decide, to the extent Rambus does not agree that the claim constructions found by the Board are correct and complete.

**MOTIONS**

There are no pending motions in this case. Rambus intends to file a motion for leave to file an amended complaint to drop the claims regarding unenforceability, patentability based on prior art, de-designation of claims as corresponding to the count, and indefiniteness. Both parties anticipate filing motions for summary judgment at the appropriate time. Since this case and *IBM v. Rambus*, C 10-04017 JSW (N.D.Cal.) are related, IBM intends to move for early consolidation of both cases. If IBM moves for consolidation, Rambus intends to oppose that motion.

**AMENDMENT OF THE PLEADINGS**

Rambus reserves the right to amend its Complaint.

The proposed deadline for moving for leave to amend the pleadings is May 31, 2011.

**EVIDENCE PRESERVATION**

The parties have taken steps to preserve documents, records, electronic data, and materials relevant to this lawsuit from modification or loss.

**DISCLOSURES**

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on January 7, 2011. No changes will be made regarding the form of such disclosures under Rule 26(a).

**DISCOVERY**

No discovery has been taken to date in the present case.

Rambus's Position:

Rambus proposes that discovery may be needed on the following general subjects:

- Drehmel '652 Application should not enjoy the benefit of the effective filing dates of Drehmel's earlier-filed applications
- Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 2 because they are not directed to what Drehmel regards as its invention
- Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 1
- Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 251 on the grounds of failing to meet the statutory "error" and "original patent" requirements

- Drehmel's alleged conception, reduction to practice, and diligence of the subject matter of the count

Rambus submits that, contrary to IBM's position below, Rambus did not admit that "Rambus reduced to practice the subject matter of the Count after IBM did." For instance, Rambus did not admit that IBM reduced to practice the subject matter of the Count at all. Both parties raised the issues in their respective cases by presenting evidence of reduction to practice and diligence. Thus, both parties' evidence of reduction to practice and diligence are discoverable in this § 146 action.

IBM's Position:

IBM submits that extensive fact and expert discovery and testimony was had in the Interference, and is available here. IBM also submits that, in view of (1) Rambus's admission (as set forth at page 1 of Perego Opposition 1 dated April 1, 2009, Paper No. 126, in the Interference) in the Interference that Rambus reduced to practice the subject matter of the Count after IBM did (i.e., that Perego had no actual reduction to practice that antedated IBM's earlier constructive reduction to practice of November 12, 1999), and (2) Rambus's failure to allege in the Interference an actual reduction to practice prior to its January 5, 2000 filing date (as set forth, for example, at page 2 of the Perego Priority Statement dated November 29, 2006, Paper No. 29, in the Interference), both parties' reduction of practice and IBM's diligence are not issues in this case as a matter of law, and that discovery cannot be had on any of those issues. Given Rambus's belated assertion that it did not make such admission, IBM reserves its right to seek to preclude discovery on those issues at the appropriate time. IBM further submits that no discovery may be taken of it beyond that expressly permitted under 35 U.S.C. § 146 and decisional case law, and that no discovery should be allowed on issues that have been waived or are otherwise not reviewable under 35 U.S.C. § 146. IBM proposes that additional discovery of Rambus may be needed on some or all of the issues that Rambus has raised in its Complaint, to the extent that Rambus intends to take additional evidence or testimony on the same.

The parties do not waive any objections they may have to any of the proposed discovery. In addition, the parties reserve the right to supplement the discovery topics listed above.

1    In the Scheduling Section below, the parties propose different schedules relating to
2 discovery.  Except as proposed in the Scheduling Section, the parties propose that discovery should
3 not be conducted in phases or be limited to or focused on particular issues.
4    The parties differ on limitations on discovery.  Their respective positions are set forth below.
5    <u>IBM's Position:</u>
6    In view of the extensive discovery and testimony taken in the Interference, IBM proposes the
7 following changes to the limitation on discovery under the Federal Rules of Civil Procedure:

- a limit of ten (10) depositions, not including expert witnesses, per side
- if either side notices the deposition of a witness who was cross-examined during the Interference, the deposition shall be limited to four hours, subject to additional time provided for good cause shown.

<u>Rambus's Position:</u>

Rambus disagrees with IBM that there was "extensive discovery and testimony taken in the Interference."  Nonetheless, Rambus agrees to IBM's first proposal, limiting the number of depositions per side to ten, not including expert witnesses.  Otherwise, Rambus does not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules at this time.

Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the parties propose that they produce electronically stored information in single-page TIFF format with Concordance or Summation load files. IBM requests that Rambus shall provide unredacted versions of documents previously produced in the Interference, subject to a protective order, and upon request, the original native file(s) containing the document and its metadata.  Rambus also requests that IBM shall provide complete versions of documents previously produced in the Interference, subject to a protective order, and upon request, the original native file(s) containing the documents and their metadata.

Pursuant to Fed. R. Civ. P. 26(f)(3)(D) and (F), the parties are working on a protective order to govern privilege and confidentiality issues.  In addition, the parties had a stipulation in the Interference regarding the disclosure of expert-related communications, which also is proposed to govern in this § 146 action.

1   The parties agree to service by electronic mail.  The parties also agree that the date of the
2   declaration of the Interference, August 26, 2006, shall serve as a cutoff date for production, and the
3   listing of documents on any privilege log.
4   The parties disagree on whether the Patent Local Rules apply.
5   Rambus's Position:
6   The Patent Local Rules explicitly state that they apply only to patent infringement actions or
7   declaratory judgment actions.  Patent L.R. 1-2.  This § 146 action is an appeal from an interference
8   before the Board, not an infringement or declaratory judgment action.  Thus, the Patent Local Rules
9   do not apply to this case.  As such, neither invalidity contentions nor the pre-determined schedule for
10  claim construction are appropriate in this case.  Indeed, because of the various intricacies of
11  interference practice, the Board never holds separate *Markman* hearings and deals with issues of
12  claim construction concurrently with any motions filed by the parties.  Rambus believes a similar
13  approach is appropriate here.  Thus, as proposed in the Scheduling Section, Rambus asserts that
14  claim construction should be determined concurrently with dispositive motions.
15  IBM's Position:
16  Since this is not a patent infringement action, IBM requests an order regarding the extent the
17  Local Patent Rules apply, and specifically, that both the invalidity contentions and *Markman*-related
18  provisions thereof, but no other provisions, apply.

19  **RELATED CASES**

20  The Court has held that this case is related to *International Business Machines Corp. v.*
21  *Rambus Inc.*, Case No. C 10-04017 JSW (N.D. Cal.).
22  There are no related cases or proceedings pending before another judge of this court or
23  before another court or administrative body.

24  **RELIEF**

25  Rambus seeks entry of a judgment in Rambus's favor, and against IBM, as follows:
26  A.   Reverse the Board's orders, decisions, and judgment in the Interference adverse to
27  Perego;
28

1  B. Reverse the Board's Decision on Preliminary Motions, against Perego, including, but not limited to, the findings that: (1) Perego failed to show that the Drehmel '652 Application should not enjoy the benefit of the effective filing dates of Drehmel's earlier-filed applications; (2) Perego failed to show that the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 2; (3) Perego failed to show that the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 1; and (4) Perego failed to show that the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 251;

C. Reverse all portions of the Board's Decision on Preliminary Motions, and all underlying rulings with respect to the Interference that are adverse to Perego including, but not limited to, those decisions listed in item B;

D. Adjudge that, *inter alia*: (1) the Drehmel '652 Application does not enjoy the benefit of the effective filing dates of Drehmel's earlier-filed applications; (2) the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 2; (3) the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 112, ¶ 1; and (4) the Drehmel '652 Application claims are unpatentable under 35 U.S.C. § 251;

E. Reverse the Board's Decision on Priority against Perego including, but not limited to, the finding that Perego did not show conception by at least May 14, June 15, or June 25, 1999;

F. Reverse all portions of the Board's Decision on Priority, and all underlying rulings with respect to the Interference that are adverse to Perego including, but not limited to, the decision listed in item E;

G. Reverse and vacate the Board's Judgment awarding priority against Perego at least because: (1) the Drehmel '652 Application is not entitled to the benefit of Drehmel's earlier-filed applications; (2) the Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 112, ¶ 2; (3) the Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 112, ¶ 1; (4) the Drehmel '652 Application claims are unpatentable in view of 35 U.S.C. § 251; and/or (5) Perego conceived the subject matter of the count by at least May 14, June 15, or June 25, 1999, and diligently reduced the invention to practice before Drehmel;

H. Adjudge that Richard E. Perego, Stefanos Sidiropolous and Ely Tsern are the inventors of the invention defined by the Count and are entitled to claims 1-49 of the Perego '161 Patent;

I. Award priority of the subject matter of the Count to Perego; and

J. Award Rambus any other and further relief as this Court may deem just and proper.

IBM seeks entry of a judgment ordering and decreeing:

A. That Rambus's Complaint be dismissed with prejudice;

B. That all decisions of the Board, for which Rambus seeks reversal or vacatur, be affirmed, such that Perego are not entitled to claims 1-49 of U.S. Patent 6,502,161 and Drehmel are the first true and correct inventors of the subject matter of the Count of Interference No. 105,467;

C. That this case be declared exceptional under 35 U.S.C. § 285, and that IBM be awarded its reasonable attorney fees and expenses incurred in defending against Rambus's complaint;

D. That IBM be awarded its costs of this suit; and

E. That IBM be awarded such other and further relief as this Court shall deem just and proper.

## SETTLEMENT AND ADR

The parties have engaged in settlement discussions for many years to settle not only this case, but several other matters pending between them. Although an agreement has not yet been reached, the parties continue to discuss settlement in good faith. The parties have agreed to conduct private mediation by June 30, 2011.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Consent to a magistrate judge for all purposes including trial and entry of judgment has been declined.

## OTHER REFERENCES

The parties do not believe this case is suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

At this time, except for the issues identified above and Rambus's intent to move to amend the complaint to drop various issues, the parties do not believe that any other issues can be narrowed by agreement or by motion. Nor do the parties have any current requests to bifurcate issues, claims or defenses.

## EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## SCHEDULING

The parties disagree on the schedule for the case and therefore propose the following alternative schedules:

Rambus's Proposal:

Because the Patent Local Rules do not apply to this case (as explained above) and because this case will not be tried to a jury, Rambus proposes the following schedule:

| EVENT | RAMBUS'S PROPOSED SCHEDULE |
| --- | --- |
| Federal Rule of Civil Procedure 26(f) Conference | November 12, 2010 |
| Last Day to File Joint Case Management Statement and to Serve Federal Rule of Civil Procedure 26(a) Initial Disclosures | January 7, 2011 |
| Initial Case Management Conference | January 14, 2011<br><br>9:00 am (PST) |
| Opening of Discovery | The day the Scheduling Order is entered, tentatively assumed for scheduling purposes to be January 28, 2011. |
| Last Day to File Motions for Leave to Amend the Pleadings | May 31, 2011 |
| Deadline for Producing Documents | June 30, 2011 |
| Last Day for Parties to Exchange Proposed Terms and Claim Elements for Construction | July 29, 2011 |

| EVENT | RAMBUS'S PROPOSED SCHEDULE |
|---|---|
| Meet and confer re Joint Claim Construction and Prehearing Statement | August 5, 2011 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 19, 2011 |
| Meet and confer re Joint Claim Construction and Prehearing Statement | August 26, 2011 |
| Last day to request leave to designate additional terms for claim construction | September 2, 2011 |
| Joint Claim Construction and Prehearing Statement | September 9, 2011 |
| Close of Fact Discovery | December 30, 2011 |
| Initial Expert Reports (on issues upon which party bears burden of proof) | February 29, 2012 |
| Rebuttal Expert Reports | April 30, 2012 |
| Close of Expert Discovery | July 31, 2012 |
| Last Day to File Dispositive Motions / Rambus Opening Claim Construction Brief | September 28, 2012 |
| Oppositions to Dispositive Motions / IBM Responsive Claim Construction Brief | Six weeks after filing dispositive motions, or November 9, 2012, whichever is later |
| Replies to Dispositive Motions / Rambus Reply Claim Construction Brief | Three weeks after filing oppositions to dispositive motions, or November 30, 2012, whichever is later |
| Technology Tutorial for the Court | One to two weeks before the Hearing on Dispositive Motions/Claim Construction |
| Hearing on Dispositive Motions / Claim Construction | Three weeks after filing replies to dispositive motions, or December 21, 2012, whichever is later |
| Final Pretrial Conference | Five court days before trial begins |
| Trial | June 2013 |

IBM's Proposal:

| EVENT | IBM'S PROPOSED SCHEDULE |
|---|---|
| Federal Rule of Civil Procedure 26(f) Conference | November 12, 2010 |
| Last Day to File Joint Case Management Statement and to Serve Federal Rule of Civil Procedure 26(a) Initial Disclosures | January 7, 2011 |
| Initial Case Management Conference | January 14, 2011<br><br>9:00 am (PST) |
| Opening of Discovery | The day the Scheduling Order is entered, tentatively assumed for scheduling purposes to be January 28, 2011. |
| Last Day to File Motions for Leave to Amend the Pleadings | May 31, 2011 |
| Rambus to serve its invalidity contentions (Patent L.R. 3-3). | March 14, 2011<br><br>[45 days after entry of the Scheduling Order.] |
| Last Day for Parties to Exchange Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) - Court will construe 10 terms; for more than 10, parties must request leave of court (JSW Standing Order ¶ 3) | March 28, 2011<br><br>[14 days after service of invalidity contentions] |
| Meet and confer re Joint Claim Construction and Prehearing Statement (Patent L.R. 4-1(b)) | April 4, 2011<br><br>[flexible, one week after exchange of proposed terms] |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2(a), (b)) | April 18, 2011<br><br>[21 days after exchange of terms] |
| Meet and confer re Joint Claim Construction and Prehearing Statement (Patent L.R. 4-2(c)) | April 25, 2011<br><br>[flexible, one week after exchange of proposed terms] |
| Last day to request leave to designate additional terms for claims construction JSW Standing Order ¶ 4 | April 29, 2011<br><br>[2 weeks before filing Joint Claim Construction Statement] |

| EVENT | IBM'S PROPOSED SCHEDULE |
|---|---|
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) – Includes Expert Testimony. Parties must attach copies of patents, make available file histories to Court for each involved patent | May 13, 2011<br><br>[60 days after service of invalidity contentions] |
| Completion of Claim Construction Discovery (Patent L.R. 4-3) | June 13, 2011<br><br>[30 days after service and filing of Joint CC&PS] |
| Rambus Opening Claim Construction Brief[1] (Patent L.R. 4-5(a)). 25 page limit | June 27, 2011<br><br>[45 days after serving and filing of Joint CC&PS; must be 6 wks before *Markman*] |
| IBM Responsive Claim Construction Brief (Patent L.R. 4-5(b)). 25 page limit | July 11, 2011<br><br>[14 days after service upon it of an opening brief] |
| Rambus - Reply Brief and any evidence directly rebutting the supporting evidence (Patent L.R. 4-5(c)). - 15 page limit<br><br>Amended Joint Claim Construction Statement | July 18, 2011<br><br>[7 days after service upon it of a responsive brief] |
| Tutorial for the Court | Scheduled by the Court, 1 to 2 wks. before claim construction ("*Markman*") hearing |
| Claim Construction ("*Markman*") Hearing (Patent L.R. 4-6). | Tuesday, August 9, 2011<br><br>Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c).(3 hours or less, on a Tues. or Wed.) |

IBM asserts that scheduling any events beyond the claim construction hearing would be premature in view of the Court's practice to revisit the case schedule after the claim construction ruling.

---

[1] Rambus is the patent holder and thus the moving party for claim construction (JSW Standing Order ¶ 9).

## TRIAL

The parties agree that this action will not be tried to a jury. Rambus estimates the bench trial for this action will take three full days. IBM submits that this case should be tried with related case *IBM v. Rambus*, C 10-04017 JSW, and estimates the bench trial for these actions will take three to five full days. Rambus disagrees that this case should be tried with *IBM v. Rambus*, C 10-04017 JSW.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, both parties have filed a Certificate of Interested Entities or Persons. *See* Dkt. Nos. 10 (Rambus), 21 (IBM). At this time, neither Plaintiff nor Defendant is aware of any persons, firms, partnerships, corporations, or other entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that should be substantially affected by the outcome of the proceeding.

By her signature below, counsel for Plaintiff attests that counsel for Defendant concurs in the filing of this document.

Respectfully submitted,

Date:  January 7, 2011

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

By:     /s/Tina E. Hulse
Tina E. Hulse (CA Bar No. 232936)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:(650) 849-6600
Facsimile: (650) 849-6666
tina.hulse@finnegan.com

Barbara Clarke McCurdy (Admitted *Pro Hac Vice*)
Naveen Modi (Admitted *Pro Hac Vice*)
Srikala P. Atluri (Admitted *Pro Hac Vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone:(202) 408-4000

```
                                        Facsimile: (202) 408-4400
                                        barbara.mccurdy@finnegan.com
                                        naveen.modi@finnegan.com
                                        srikala.atluri@finnegan.com

                                        Attorneys for Plaintiff,
                                        Rambus Inc.


Dated: January 7, 2011          By:    /s/Edward A. Kmett
                                        Edward A. Kmett (SBN: 204374)
                                        ekmett@fchs.com
                                        FITZPATRICK, CELLA, HARPER & SCINTO
                                        650 Town Center Drive, Suite 1600
                                        Costa Mesa, CA 92626
                                        Telephone: (714) 540-8700
                                        Facsimile: (714) 540-9823

                                        Anthony M. Zupcic (Admitted *pro hac vice*)
                                        azupcic@fchs.com
                                        Robert H. Fischer (Admitted *pro hac vice*)
                                        rfischer@fchs.com
                                        Douglas Sharrott (Admitted *pro hac vice*)
                                        dsharrott@fchs.com
                                        FITZPATRICK, CELLA, HARPER & SCINTO
                                        1290 Avenue of the Americas
                                        New York, New York 10112
                                        Telephone: (212) 218-2100
                                        Facsimile: (212) 218-2200

                                        Kenneth R. Adamo (Admitted *pro hac vice*)
                                        kradamo@jonesday.com
                                        JONES DAY
                                        901 Lakeside Avenue
                                        Cleveland, Ohio 44114-1190
                                        Telephone: (216) 586-7120
                                        Facsimile: (216) 579-0212
                                        Attorneys for Defendant,
                                        International Business Machines Corporation
```