# Exhibit A

# FINNEGAN

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

TINA E. HULSE
650-849-6665
tina.hulse@finnegan.com

February 25, 2011

Hon. Jeffrey S. White
United States District Court Judge
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

           Re: *Rambus Inc. v. International Business Machines Corp.*,
                Case No. C 10-03736 JSW (N.D. Cal.)

Dear Judge White:

We write in response to Defendant International Business Machines Corporation's ("IBM") letter of February 24, 2011, in the above-referenced matter. Rather than comply with the Court's standing order on discovery disputes, which expressly states that the parties must submit a "*joint* letter brief," IBM submitted its letter to the Court without Plaintiff Rambus Inc.'s ("Rambus") approval or comments. Thus, Rambus submits this letter separately to address various mischaracterizations in IBM's letter and regrets any inconvenience caused by the letters.

Following the Case Management Conference, the Court entered a Civil Minute Order on January 18, 2011 (Dkt. 50), stating that "[t]he parties shall follow IBM's proposed briefing schedule set forth in the January 14, 2011 case management statement." IBM's proposed schedule indicated that the opening of discovery and virtually all of the other dates are dependent on the date the Scheduling Order is entered (e.g., discovery opens "[t]he day the Scheduling Order is entered, *tentatively* assumed for scheduling purposes to be January 28, 2011" and invalidity contentions are due "45 days after entry of the Scheduling Order"). Rambus did not understand the Civil Minute Order to be the Court's Scheduling Order based on this Court's practice in other cases (*see, e.g.*, Dkts. 31 and 32 in case no. CV 10-03643 JSW). To confirm, Rambus made a general inquiry with the Court's clerk (as permitted by the Court's standing order) following entry of the Civil Minute Order as to whether the Court would issue a separate Scheduling Order, and the Court's clerk stated that the Court would issue a separate Scheduling Order. Thus, Rambus does not believe discovery is open or that the other dates in the schedule have been determined.

IBM, however, attempted to serve document requests on Rambus. When Rambus told IBM its position that discovery was not open, Rambus suggested to IBM that the parties contact the Court's clerk to reconfirm that the Court would issue a Scheduling Order. IBM refused. Instead, IBM insisted on submitting a letter to the Court. As a compromise and to avoid involving the Court, Rambus alternatively suggested that the parties agree to a schedule based on the Markman Hearing currently scheduled on August 23, 2011, and that discovery would open once the parties agreed to such a schedule. IBM refused that proposal, as well. Although Rambus contacted the Court's clerk to check the status of the Scheduling Order, and the clerk

STANFORD RESEARCH PARK | 3300 HILLVIEW AVENUE | PALO ALTO, CA 94304-1203
PHONE: 650.849.6600 | FAX: 650.849.6666

Hon. Jeffrey S. White
February 25, 2011
Page 2

indicated she would talk to the Court and get back to us, IBM decided to send its February 24, 2011, letter to the Court.[1]

      Rambus maintains its position that discovery has not yet opened, and requests that the Court issue a Scheduling Order in which the opening of discovery and other dates are based on the date the Scheduling Order is entered, as originally proposed by IBM.

                             Sincerely,

                             Tina E. Hulse
                             Attorney for Plaintiff Rambus Inc.

cc:

Edward Kmett (SBN: 204374)
ekmett@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
650 Town Center Drive
Suite 1600
Costa Mesa, CA 92626
Telephone: (714) 540-8700
Facsimile: (714) 540-9823

Anthony M. Zupcic
azupcic@fchs.com
Robert H. Fischer
rfischer@fchs.com
Douglas Sharrott
dsharrott@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

---

[1] To the extent IBM suggests that Rambus's contacts with the clerk were improper, the Court's standing order indicates that the parties may contact the Court's clerk with "appropriate inquiries." Rambus simply inquired as to whether the Court would issue a Scheduling Order. When the Court's clerk asked for details, Rambus specifically stated that it did not want to cross the line into an improper *ex parte* communication. The Court's clerk stated that it was not improper and Rambus then concisely explained the issue to the clerk.

Hon. Jeffrey S. White
February 25, 2011
Page 3

Kenneth R. Adamo
kradamo@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:  (216) 586-7120
Facsimile:  (216) 579-0212

Attorneys for Defendant
International Business Machines Corporation