IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBUS INC., | |
| Plaintiff, | No. C 10-03736 JSW |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |
| Defendant. / | |

On January 14, 2011, the Court held a Case Management Conference at which the Court ordered that "the parties shall follow IBM's proposed briefing schedule set forth in the January 14, 2011 case management statement." (Doc. no. 49.) On January 18, 2011, the Court issued a Civil Minute Order to enter this case management schedule. (*Id.*) The Court did not enter a separate Scheduling Order as no pretrial or trial dates were set.

On February 24, 2011, Defendant International Business Machines Corporation ("IBM") submitted a letter brief to the Court seeking clarification on the discovery schedule ordered in this action. IBM submitted this letter brief unilaterally in violation of the Court's Standing Orders limiting communication with the Court and requiring that requests for discovery relief be "summarized jointly by the parties in a *joint* letter brief no longer than four pages." (Civil Standing Orders ¶ 7.) "The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred *in person* and must concisely summarize those remaining issues that counsel were unable to resolve." (*Id*. (Emphasis added.)) IBM's letter brief satisfies neither the Court's meet and confer requirement nor the joint letter brief requirement.

1  On February 25, 2011, Plaintiff Rambus Inc. ("Rambus") filed a motion for administrative relief requesting that the Court either disregard IBM's letter or to consider Rambus's responsive letter. In support of Rambus's motion, counsel submitted a declaration stating that she had telephoned the Court's clerk, presumably inquiring about entry of the Court's Order on the case management schedule. (Doc. no. 51 ¶ 5. *See* doc. no. 51, Ex. A.) Because counsel's telephone call was related to the effect of the Court's order on the discovery schedule set at the case management conference, it appears to the Court on the present record that this was not an appropriate inquiry for telephonic communication with the Court's clerk, which should be limited to non-legal clerical or administrative matters. On February 28, 2011, IBM filed a response to Rambus's motion for administrative relief.

For good cause shown, the Court hereby GRANTS the motion to disregard IBM's February 24, 2011 letter and DENIES Rambus's request for leave to file the responsive letter. (Doc. no. 51.)

The parties are admonished that Rambus's telephonic inquiries of the Court's clerk regarding the scope of the Court's Order following the case management conference and IBM's unauthorized letter to the Court were inappropriate communications with the Court which have resulted in unnecessary use of attorney time and waste of judicial resources. Furthermore, communication with the Court by e-mail, other than submission of proposed orders, is not permitted under the Court's Standing Orders. If the parties determine that it is necessary to seek clarification of, or relief from, the Court's case management schedule, the parties may do so pursuant to the Court's Standing Orders and applicable Civil Local Rules. Failure to comply with the Court's Orders and Local Rules will result in sanctions against the offending party and/or attorney.

**IT IS SO ORDERED.**

Dated: February 28, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2